UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY JOSEPH LEGENDRE | * | CIVIL ACTION NO. 2:22-cv-01767 |
| | * | |
| VERSUS | * | SECTION "L" (5) |
| | * | |
| LOUISIANA INSURANCE | * | JUDGE ELDON F. FALLON |
| GUARANTY ASSOCIATION, ET AL. | * | |
| | * | MAG. JUDGE MICHAEL NORTH |

*******************************************************************************

# ORDER AND REASONS

The Court has before it Defendant Louisiana Insurance Guaranty Association's ("LIGA") Motion for Summary Judgment, R. Doc. 81. Plaintiff has responded in opposition, R. Doc. 83. Having considered the briefing and the applicable law, the Court rules as follows.

## I.  APPLICABLE LAW

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury

could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399. If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265. If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## II. DISCUSSION

Plaintiff filed suit on May 4, 2022 against various defendants, alleging that he contracted mesothelioma caused by his exposure to asbestos while working for Avondale Shipyards and from the clothing of others who worked at Avondale. Plaintiff sued the Louisiana Insurance Guaranty Association ("LIGA") as the statutory obligor for policies issued by Lamorak Insurance Company for the alleged liability of Eagle, Inc., McCarty Corporation, and Avondale's executive officers.

> LIGA is a statutory body created by Louisiana Revised Statute § 22:2051, et seq. Its purpose is set forth in § 22:2052, which states that: [t]he purpose of this Part is to provide for the payment of covered claims under certain insurance

policies with a minimum delay and a minimum financial loss to claimants or policyholders due to the insolvency of an insurer, to provide financial assistance to member insurers under rehabilitation or liquidation, and to provide an association to assess the cost of such operations among insurers.

As a statutorily created entity, LIGA is liable for only those obligations provided by the Louisiana Insurance Guaranty Association Law ("LIGA Law"). La. R.S. 22:2051, et. seq. Under LIGA Law, when an insurer is determined to be insolvent, LIGA is deemed to be the insurer to the extent of its obligation on pre-insolvency covered claims and has all the rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent. La. Stat. Ann. §§ 22:2058(A)(1)(a), (A)(2). In addition, LIGA is obligated to the extent of covered claims arising after the determination of the insurer's insolvency but arising prior to the expiration of thirty days after the date of such determination of insolvency. *Id.* at § 22:2058(A)(1)(a)(i). A covered claim is any unpaid claim by or against the insured which arises out of and is within the coverage and not in excess of the applicable limits of an insurance policy to which LIGA Law applies. *Id.* at § 22:2055(6). However, a "covered claim" shall not include a claim filed with the association after the earlier of five years after the date of the order of liquidation of the insolvent insurer or the final date set by the domiciliary court for the filing of claims against the liquidator or receiver of an insolvent insurer." *Id.* § 22:2058(A)(1)(c)(i).

Prior to the filing of this suit, on March 11, 2021, a state court in Pennsylvania issued an order declaring Bedivere Insurance Company, which encompasses Lamorak Insurance Company, to be insolvent. That state court order directed that liquidation notices be made public, including the notice that "[i]f you have and want to pursue a claim against BEDIVERE, you must file a proof of claim in order to have your claim considered. Proofs of claim must be filed no later than December 31, 2021[.]"

As explained, Louisiana law, in La. R.S. 22:2051, et seq., requires that claims be filed with LIGA by the earlier of five (5) years after the date of the Order of Liquidation [here, March 11, 2026] or by the final date set by the Court for the filing of claims against the liquidator or receiver of the insolvent insurer [here, December 31, 2021]. Thus, to constitute a 'covered claim' under LIGA, Plaintiff's claim needed to be filed no later than December 31, 2021.

Plaintiff does not contest that his claim was filed after December 31, 2021. However, Plaintiff argues instead that application of the LIGA law to his claim would be unconstitutional because it would shorten Plaintiff's time period to file a tort action without providing a reasonable time period for him to assert his rights. However, the Louisiana Supreme Court has expressly rejected the argument that the LIGA law is unconstitutional when applied in this matter. *See Prejean v. Dixie Lloyds Ins. Co.*, 94-2979 (La. 9/15/95); 660 So.2d 836. As the Louisiana Supreme Court has explained, LIGA is not obligated to pay all claims that could have been brought against an insolvent insurer, but rather is only authorized by law to pay "covered claims" as defined by the statute. As Plaintiff's claim was filed later than December 31, 2021, his claim is not a "covered claim" as defined by LIGA law, and LIGA is thus not obligated to pay it.

Accordingly, Defendant's Motion for Summary Judgment, R. Doc. 81, is hereby GRANTED.

New Orleans, Louisiana, this 9th day of May, 2023.

_____
United States District Judge