UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY JOSEPH LEGENDRE** | * | **CASE NO. 22-1767** |
| **ELEANOR ROUX LEGENDRE** | * | |
| *surviving spouse of Terry Legendre* | * | **JUDGE ELDON E. FALLON** |
| **Plaintiffs,** | * | |
| | * | **MAG. JUDGE MICHAEL NORTH** |
| **v.** | * | |
| | * | |
| **HUNTINGTON INGALLS** | * | |
| **INCORPORATED ET AL.** | * | |
| **Defendants** | * | |
| | * | |

* * * * * * ** * * * * * * * * * *

**ORDER AND REASONS**

Pending before the Court are five motions for summary judgment. R. Docs. 183, 186, 199, 200, 201. Various replies and oppositions have been filed. R. Docs. 215, 219, 221- 223, 225, 226, 230, 255-258. Considering the briefing and the applicable law, the Court rules as follows.

I.   **BACKGROUND**

This case arises out of decedent Terry Legendre's alleged exposure to asbestos while working for Avondale from October 16, 1967, to January 28, 1968. R. Doc. 1-2 at 2. While he originally filed his suit in the Orleans Parish Civil District Court, Avondale removed the case to this Court pursuant to 28 U.S.C. 1442(a)(1). R. Doc. 1.

Mr. Legendre alleged that he was employed by Avondale for just over three months. R. Doc. 1-2 at 2. During that time, he alleged that he was directly exposed to asbestos products, which he carried home on his clothes and other belongings. *Id.* Additionally, Mr. Legendre believed that he was further exposed to asbestos by other Avondale employees whom he was friends with and frequently socialized with during times he was not personally employed by Avondale. *Id.* at 3. In December 2021, Mr. Legendre was diagnosed with mesothelioma, a lethal cancer caused by asbestos. *Id.* at 2. On July 26, 2022, Mr. Legendre passed away, and his wife, Eleanor Roux

1

Legendre, was substituted as plaintiff and asserted additional survival actions. R. Doc. 65.

Legendre alleges that Avondale owed a duty to Mr. Legendre and the other Avondale employees he socialized with to provide a safe working environment. *Id.* at 3. Legendre states that Avondale knew, or should have known, of the potential dangers associated with asbestos-causing products. *Id.* Therefore, she accuses Avondale of negligence, intentional concealment, strict liability, failure to warn, and failure to provide proper protective gear, among other causes of action. *Id.* at 4. Legendre also asserts similar claims against numerous other defendants who played a role in causing the deceased's asbestos exposure, including, but not limited to: Hopeman Brothers, Inc. ("Hopeman"); International Paper Company; Paramount Global; General Electric Company ("GE"); Bayer Cropscience, Inc. ("Bayer"); Foster-Wheeler, LLC ("Foster-Wheeler"); Uniroyal Holding, Inc.; Taylor-Seidenbach, Inc.; and Eagle, Inc ("Eagle"). *Id.* at 4-32.

The defendants filed answers in which they generally deny the allegations set forth in the complaints.[1] *See e.g.*, R. Docs. 108, 109, 112, 113, 114. Avondale also asserts cross-claims and third-party claims against entities that it alleges are liable to Avondale for their respective role in manufacturing, distributing, or otherwise causing Avondale to handle asbestos products. R. Doc. 5. Avondale's third-party claims brought Zurich American Insurance Company, Liberty Mutual Insurance Company, and Manville Personal Injury Settlement Trust ("Manville") into the suit. The cross- and third-party defendants have filed answers to Avondale's claims. R. Docs. 15, 18, 29, 35, 41, 72. Hopeman also filed a cross-claim against Manville. R. Doc. 29.

Presently, Eagle, Bayer, GE, Foster-Wheeler, and Paramount Global have filed motions for summary judgment, which address issues of causation and liability. R. Docs. 183, 186, 199, 200, 201, 206.

---

[1] Because of the nature of this case, the Legendres have filed several amended complaints. R. Docs. 1-2, 40, 65, 106.

## II. APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute. *See* Fed. R. Civ. P. 56(c)*; Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III. DISCUSSION

Under Louisiana law, products liability cases arising out of asbestos exposure that pre-date the Louisiana Products Liability Act ("LPLA") are governed by *Halphen v. Johns Manville Sales Corp.*, 484 So. 2d 110 (La. 1986). *See Hulin v. Fibreboard*, 178 F.3d 316 (5th Cir. 1999). Under *Halphen*, plaintiffs can recover in such actions if they demonstrate a product is "unreasonably dangerous *per se*." Further, the Louisiana Supreme Court in *Halphen* found that asbestos-containing products are unreasonably dangerous per se. Thus, if a plaintiff successfully demonstrates that a defendant's product contained asbestos and contributed to their injuries, she is entitled to recovery. *See id.* Alternatively, plaintiffs may recover against a manufacturer if they can show that the product was either defective in construction, defective in design, or that the defendant failed to adequately warn about a danger related to the way the product is designed. *Id.*

### a. Eagle and Bayer Are Not Entitled to Summary Judgment.

In its motion for summary judgment, Eagle argues that there is no evidence that the

3

decedent was ever exposed to the asbestos products it sold to Avondale, either firsthand or through family and friends who worked at Avondale. R. Doc. 183-3 at 2-3. Eagle contends that the mere presence of asbestos at a job site, without more, is not enough to establish liability. *Id.* at 8. Without evidence of exposure to an Eagle-distributed asbestos product, Eagle argues that it is entitled to summary judgment as a matter of law. *Id.* at 9. In opposition, Legendre argues that the testimony of numerous witnesses supports her contention that the decedent was exposed to Eagle asbestos products. R. Doc. 226 at 2-10. In reply, Eagle argues that the testimony Legendre proffers would not be admitted under the Federal Rules of Evidence, and therefore cannot be used to demonstrate a material fact dispute. R. Doc. 257 at 2-4. Moreover, while Eagle concedes that it sold asbestos products to Avondale, it disputes that the decedent or his family and coworkers that visited him after work were ever exposed to Eagle asbestos on any given day. *Id.* at 4.

In its motion for summary judgment, Bayer similarly argues that Legendre has not submitted enough evidence to show that the decedent was exposed to Bayer asbestos products. R. Doc. 186-1 at 2-3. Bayer notes that the asbestos in its products were sealed in such a way that they did not become respirable. *Id.* at 3. Moreover, Bayer contends that, in his deposition testimony, neither the decedent nor any of his family or friends that worked at Avondale state that they came in contact with Bayer products. *Id.* at 4. Accordingly, Bayer argues that the Court should grant summary judgment dismissing their claims with prejudice. *Id.* at 9.

Avondale and Legendre both filed oppositions. R. Doc. 215, 225. Avondale argues that several experts testified that Bayer's products could be the source of the decedent's asbestos exposure, and that Bayer's products were regularly used by Avondale during the regular time period. *Id.* R. Doc. 215 at 2-6. In her opposition, Legendre argues that family members that visited Mr. Legendre testified that they were exposed to Bayer asbestos products. R. Doc. 225 at 2-4. Thus, both Avondale and Legendre contend that several fact issues exist to prevent summary

judgment at this time. In reply, Bayer reiterates its earlier arguments and contends that the testimony that Avondale and Legendre cite in their oppositions is misleading. *Id.* at 2-3.

Here, the Court first finds that Eagle is not entitled to summary judgment because there exists several questions of material fact and the record contain competing witness accounts as to whether the decedent was exposed to asbestos products manufactured by Eagle. For the same reasons, Bayer is not entitled to summary judgment either. Competing witness accounts inherently raise credibility questions. Thus, the Court denies their motions for summary judgment.

### b. GE, Paramount Global, and Foster-Wheeler's Motions for Summary Judgment

Next, the court addresses the arguments raised by Paramount Global, GE, and Foster-Wheeler. Because each of these defendants raises similar arguments in their respective motions, the Court will address their contentions altogether. Legendre's claims against these manufacturers arise out of the decedent's alleged exposure to asbestos-containing products found on GE turbines, Paramount Global's turbines and Fire Retardant Decorative Micarta, and Foster-Wheeler's boilers.

While each of these defendants argues that their product was supplied to Avondale without asbestos and that any later applied asbestos-containing products was provided by other suppliers, Legendre and Avondale both point out that asbestos-containing products were necessary to operate each of the defendant's products. Each of these defendant-manufacturers was aware that asbestos was needed for the operation of their products. "When a manufacturer of a bare metal product is involved in contemplating or specifying the use of asbestos-containing insulation on its product, it can be held liable for the injuries resulting from that insulation." *Matherne v. Huntington Ingalls, Inc.*, No. 22-2656, R. Doc. 464, (E.D. La. Feb. 2, 2024). Accordingly, the Court declines to find that Paramount Global, GE, or Foster-Wheeler are entitled to complete summary judgment. As a result, the Court next addresses the defendants' arguments in their alternative motions for partial

5

summary judgment. Because the Court previously granted Legendre's motion to dismiss intentional tort, fraud, and concealment claims against the three defendants, it need not discuss those claims further. R. Doc. 245.

### i. Paramount Global and GE are Entitled to Summary Judgment on Legendre's Design Defect Claims.

Both Paramount Global and GE argue that Legendre cannot meet her burden to establish a design-defect claim against them. The Court agrees. To prove that GE and Paramount Global had an unreasonably dangerous product in design, Legendre must prove "(1) alternative products were available to serve the same needs or desires with less risk of harm, or if (2) there was a feasible way to design the product with less harmful consequences." *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2022 WL 1320429 at *13 (E.D. La. May 3, 2022).

This same issue has already been dealt with by another section of this court in *Cortez v. Lamorak Insurance Company* under similar factual circumstances as the instant matter. *Id.* There, the court found that the plaintiff's design-defect claim against GE failed because while it was established that the turbines needed insulation, there was "no evidence that GE's designs of its turbines required that they be insulated with asbestos." *Id.* Similarly, here, the evidence offered by Legendre suggests that both Paramount Global and GE turbines needed to be insulated in order to work. However, she fails to provide any evidence that the design of those turbines required asbestos-containing insulation. Without more, Legendre's design defect claims against Paramount Global and GE fails. *See id.* ("With no showing that the turbine's 'design' included an asbestos requirement or even recommendation, the Court finds that plaintiff is unable to meet his burden on a design defect claim against GE based on the insulation of its turbines."). Accordingly, and for the reasons stated in *Cortez*, the Court finds that Paramount Global and GE are entitled to summary judgment on Legendre's design defect claims against them.

### ii. Paramount Global, GE, and Foster-Wheeler are Entitled to Summary Judgment on Legendre's Breach of Warranty Claims.

Next, Paramount Global, GE, and Foster-Wheeler seek dismissal of Legendre's claims of breach of implied and express warranties alleged against them. Law binding on this court holds that plaintiffs cannot recover for breach of implied warranty in personal injury actions. *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir. 1997) ("Breach of implied warranty . . . is not available as a theory of recovery for personal injury. . ."). Accordingly, the court grants summary judgment in Paramount Global, GE, and Foster-Wheeler's favor on Legendre's breach of implied warranty claims.

Regarding Legendre's breach of express warranty cause of action, the Court finds that Legendre cannot meet her burden to prove this cause of action in connection with her survival action or her wrongful death claims. Louisiana state courts hold that express warranty claims must be brought under the LPLA. *Id.* Further, the Fifth Circuit has previously explained that " [f]or causes of action arising after the effective date of the LPLA . . .breach of express warranty [is] not available as [s] theor[y] of recover against a manufacturer, independent from the LPLA." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). The LPLA went into effect on September 1, 1988 and only applies to causes of action that accrued on or after that date. La. Stat. Ann. 9:2800.58. Because the survival claims in this suit accrued before 1988, pre-LPLA law governs those claims. Accordingly, the breach of express warranty claim with respect to the survival action must be dismissed as a matter of law.

While the LPLA governs Legendre's breach of warranty claims in connection with her wrongful death action, she fails to offer any evidence to support this allegation. To be successful on this claim, Legendre must show that (1) the manufacturer made an express warranty about the product; (2) the express warranty induced the decedent to use the product, and (3) the product

7

failed to conform to that express warranty; and (4) the decedent's damages was proximately caused because the express warranty was untrue. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002). Here, Legendre offers no evidence to suggest Paramount Global, GE, or Foster-Wheeler made any statements to the decedent that would constitute an express warranty. Thus, her claims against these three defendants for breach of express warranty with regard to her wrongful death action also fail.

### iii. Paramount Global, GE, and Foster-Wheeler Are Not Absolved of Liability.

Next, GE argues that it had no duty to warn Avondale or the decedent of the hazards associated with asbestos because Avondale was a sophisticated user that knew of asbestos-related dangers before Legendre worked at Avondale. In its motion, Foster-Wheeler adopts GE's argument. Similarly, Paramount Global raises the same contention and additionally argues that Hopeman was also a sophisticated user that knew of the dangers.

"Under Louisiana law, a manufacturer has no duty to warn a sophisticated user." *Johnson v. Transwood, Inc.*, No. 14-102, 2015 WL 5680369, at *8 (M.D. La. Sept. 25, 2015). The Court finds that this issue is factually pregnant and cannot be resolved at the summary judgment stage. To even entertain whether any of these parties are entitled to a "sophisticated user" defense to Legendre's failure to warn claim requires a finding that Avondale and/or Hopeman were sophisticated users of asbestos-containing products. Such a finding has not been made in this matter thus far and is best left for a jury to resolve during trial. Thus, the Court denies summary judgment on this issue.

Lastly, the defendants argue that they are absolved of any liability to Legendre because of superseding and intervening causes. Similarly, resolutions of such issues are not appropriate at the summary judgment stage as they involve reconciling several questions of facts. Accordingly, the

Court denies summary judgment for these bases as well.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Eagle's Motion for Summary Judgment, R. Doc. 183, is **DENIED**. **IT IS FURTHER ORDERED** that Bayer's Motion for Summary Judgment, R. Doc. 186, is **DENIED**. **IT IS FURTHER ORDERED** that GE's Motion for Summary Judgment, R. Doc. 199, is **GRANTED**, in part, and **DENIED**, in part. **IT IS FURTHER ORDERED** that Paramount Global's Motion for Summary Judgment, R. Doc. 200, is **GRANTED**, in part, and **DENIED**, in part. **IT IS FURTHER ORDERED** that Foster-Wheeler's Motion for Summary Judgment, R. Doc. 201, is **GRANTED**, in part, and **DENIED**, in part.

New Orleans, Louisiana, this 15th day of April, 2024.

_____
United States District Judge