UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY J. LEGENDRE ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-1767** |
| **LOUISIANA INS. GUARANTY ASSOCIATION, ET AL.** | * | **SECTION L** |

## ORDER AND REASONS

Before the Court are two motions *in limine* seeking to exclude expert testimony. First, a motion by Defendants General Electric Company, Paramount Global, Eagle, Inc., Foster Wheeler LLC, Uniroyal Inc., and Taylor-Seidenbach Inc.'s (collectively, the "defendants") to limit or exclude the testimony of Plaintiff Eleanor Legendre's experts. R. Docs. 271, 292. Legendre opposes. R. Docs. 288, 305. Second, a motion by Legendre to exclude the opinion of Dr. Bruce Case. R. Doc. 272. Huntington Ingalls, Inc. ("Avondale") and Bayer CropScience, Inc. ("Bayer") oppose. R. Doc. 290. Legendre filed a reply. R. Doc. 304. Considering the parties' arguments and applicable law, the Court now rules as follows.

I. **BACKGROUND**

This case arises out of decedent Terry Legendre's alleged exposure to asbestos while working for Avondale from October 16, 1967, to January 28, 1968. R. Doc. 1-2 at 2. The Court is familiar with the extensive factual history of this case. See R. Doc. 276 for a full history. Trial in this matter is set to begin on May 6, 2024.

II. **LAW**

    a. **Federal Rule of Evidence 702**

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Trial courts are gatekeepers of expert testimony and must determine whether proffered expert testimony is reliable and relevant before admitting it into evidence. *See Daubert v. Merrell Dow Pharma.*, 509 U.S. 579, 596-97 (1993). An expert's proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Federal Rule of Evidence 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

The Fifth Circuit has stated that:

> "[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."

*Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting 1972 Advisory Committee Notes to Rule 702). However, expert testimony should only be excluded on this basis if a court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448 (5th Cir. 1990).

**Federal Rule of Evidence 704**

Federal Rule of Evidence 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. But "this rule does not allow an expert to render conclusions of law." *Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996).

### III. ANALYSIS

#### a. Defendants' Motion in Limine

In their motion, the defendants seek to limit the testimony of Dr. Stephen Terry Kraus, Dr. Rodney Landreneau, and Mr. Frank Parker, (collectively, "Plaintiff's Experts"). R. Doc. 271. They argue that Plaintiff's Experts lack foundational evidence to determine that the decedent's social interactions with his cousin, Clemcy Legendre, Jr., and his brother-in-law, Daniel Dufrene were substantial factors to the decedent's mesothelioma. R. Doc. 271-1. In opposition, Legendre argues that the defendants' contentions speak to the credibility of the Plaintiff's Experts' testimony rather than the admissibility and that her Experts are qualified to give their opinion. R. Docs. 288, 305.

#### b. Legendre's Motion in Limine

In her motion, Legendre seeks to exclude Dr. Bruce Case's opinion that the decedent's mesothelioma was caused strictly by his father's work at Johns-Manville. R. Doc. 272. In opposition, Avondale and Bayer argue that Dr. Case's opinion is rooted in scientific literature and as a physician, he is qualified to speak to the causes of the decedent's mesothelioma. R. Doc. 290. In reply, Legendre stresses that she seeks to exclude Dr. Case's opinion that the only cause of the decedent's mesothelioma was through his father's work. R. Doc. 304. She however does not seek to exclude his entire opinion.

#### c. Discussion

The Court holds that all experts are qualified to offer their testimony and that their opinions were formed using reliable methods for the reasons discussed below.

Dr. Kraus formed his opinion based on his qualifications as a radiation oncologist, who has been treating mesothelioma patients for over forty years. R. Doc. 288 at 20. In opining about the decedent's exposure, he first reviewed scientific literature focused on asbestos exposure from

insulation and gasket work, as well as the cutting of wallboard. *Id.* at 20-22. He used proper methodology in formulating his opinion and also considered the testimony of Mr. Dufrene and Mr. Legendre, Jr. which detailed their workplace exposure and social interactions with the decedent. *Id.* Bearing this in mind, the Court finds that Dr. Kraus is qualified to offer his testimony at trial.

The Court similarly finds that Dr. Landreneau, a thoracic surgeon with over thirty years of experience, based his report on sufficient facts and data. *Id.* at 22. Dr. Landreneau has authored hundreds of articles, including one that focuses on the decedent's cousin, who was also diagnosed with mesothelioma. *Id.* at 23. To further inform his opinion, Dr. Landreneau consulted scientific literature, which discusses low level causes of mesothelioma, as well as the testimony of the decedent and his relatives. *Id.* at 22-25. Accordingly, the Court finds that Dr. Landreneau may offer his opinion at trial.

Likewise, the Court finds that Mr. Parker is qualified to testify at trial. In addition to being a certified industrial hygienist, Mr. Parker is a Certified Safety Professional and a retired U.S. Air Force colonel. *Id.* at 17. He has been involved with asbestos industrial hygiene issues since the beginning of his career, which started over forty-five years ago. In that role, he "has performed 'tens of thousands' of asbestos air monitoring and sampling." *Id.* Mr. Parker has also testified in several other asbestos-related cases in Louisiana. *Id.* at 15. In forming his opinion, he relied on the decedent's testimony, employment file, the depositions of his relatives, and extensive scientific literature. *Id.* at 17-19. This literature focuses on exposure from: insulation and wallboard work, contaminated clothing and home items, and other occupational and para-occupational products.

The Court also finds Dr. Case, formed his opinion based on his qualifications as an anatomic pathologist, who has studied asbestos-related diseases for over forty years. R. Doc. 290

at 5,6. In his study of such diseases, he has extensively reviewed data and literature. Further he has personally researched and published an article on asbestos-related diseases at the Johns Manville Plant. *Id.* at 7. In addition to his experience in the field, Dr. Case formed his report causes for the decedent's death by relying on epidemiology and scientific studies and other relevant literature. Accordingly, the Court finds that Dr. Case is qualified to offer his testimony as it was formulated using reliable methods.

Finally, the Court stresses that it is "the role of the adversarial system, not the court, to highlight weak evidence." The fact that opposing parties do not agree with the facts relied upon by the experts or their interpretation of those facts does not render their opinions irrelevant or unreliable; challenges related to the basis of any of the experts' opinions are thus best suited for cross-examination, not exclusion under Rule 702. *Delta Towing, LLC v. Justrabo*, 2009 WL 3763868 (E.D. La. 2009) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004)).

IV. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the defendants' motion *in limine*, R. Doc. 271, is **DENIED. IT IS FURTHER ORDERED** Plaintiff's motion *in limine*, R. Doc. 272, is **DENIED.**

New Orleans, Louisiana, this 24th day of April, 2024.

_____
United States District Judge