UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TERRY J. LEGENDRE ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 22-1767** |
| **LOUISIANA INS. GUARANTY ASSOCIATION, ET AL.** | * | **SECTION L** |

## ORDER AND REASONS

Before the Court is Plaintiff Eleanor Legendre's motion *in limine* seeking to exclude expert testimony. R. Doc. 269. Specifically, she seeks to exclude the testimony of Dr. Bruce Case, Dr. James Crapo, James Shea, and Dennis Ertel. *Id.* Various defendants have filed oppositions. R. Docs. 291, 293, 295. Legendre filed a reply. R. Doc. 303.

The Court has previously ruled on the admissibility of Dr. Bruce Case's testimony. R. Doc. 329. Further, the Court finds that Legendre's motion does not contest whether the experts are qualified to render their opinion or that they did not formulate their reports based on reliable methods. Rather, she argues that the testimonies of the experts regarding the decedent's environmental asbestos exposure may be highly prejudicial to the jury. Without more, the Court finds that Legendre's motion is instead, a motion *in limine* based upon a Federal Rule of Evidence 403 argument. Accordingly, the Court finds that Legendre may address her concerns regarding the experts' interpretation of the facts during cross examination. *Delta Towing, LLC v. Justrabo*, 2009 WL 3763868 (E.D. La. 2009) (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004)). Further, Legendre may raise any FRE 403 argument she has regarding such testimony during trial, which the Court will rule on accordingly. Thus,

**IT IS HEREBY ORDERED** that Legendre's motion in limine, R. Doc. 269, is **DENIED**.

New Orleans, Louisiana, this 24th day of April, 2024.

_____
United States District Judge